UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

MICHAEL COLETTA,                                              Chapter 13
*dba* Coletta Recycling & Trading                             Case No.: 16-71723-ast
*dba* Greentree Development International
*dba* Hudson River Valley Ventures, Inc.

                                      Debtor.
-----------------------------------------------------------------X

## ORDER GRANTING PE-NC, LLC RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(4), (d)(1) AND (d)(2) AND THE CO-DEBTOR STAY PURSUANT TO 11 U.S.C. §1301(c)(3)

UPON the Amended Motion of PE-NC, LLC ("PENC") dated June 8, 2016 (the " Motion") seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4), (d)(1) and (d)(2) and the co-debtor stay pursuant to 11 U.S.C. § 1301(c)(2) and (c)(3) to continue a pending foreclosure action against the real property owned by Michael Coletta ( the "Debtor") and Susan A. Coletta (the "Co-Debtor") located at 444 Lakeview Avenue, Rockville Centre, New York (the "Real Property"); and the Court having held hearings on the Motion on June 7, 2016 and June 23, 2016; and no opposition to the Motion having been interposed and the Court having found and determined that there was sufficient cause for granting the requested relief including the fact that this was the third Chapter 13 case filed by the Debtor since 2013 and that the Debtor had not successfully prosecuted any of those Chapter 13 cases; that Debtor had no equity in the Real Property; and that the continuation of the co-debtor stay would irreparably harm PENC; now therefore it is

**ORDERED**, that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated pursuant to 11 U.S.C. § 362(d)(1) and (2) as to PENC, its agents, assigns or successors in interest, so that

PENC, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Real Property; and it is further

**ORDERED**, that the Chapter 13 Trustee shall be served with a copy of the referee's report of sale within thirty (30) days of the report [*if applicable*], and shall be noticed with any surplus monies realized from the sale of the Real Property; and it is further

**ORDERED**, that pursuant to 11 U.S.C. §362(d)(4), provided that this Order is recorded in conformity herewith, the relief granted hereunder shall be binding in any other case under this title purporting to affect the Real Property filed not later than **two (2) years** after the date of the entry hereof, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and it is further

**ORDERED**, that the co-debtor stay imposed by 11 U.S.C. §1301(a) is terminated pursuant to 11 U.S.C. § 1301(c)(3) as to PENC, its agents, assigns or successors in interest, so that PENC, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Real Property.



Dated: June 23, 2016  
      Central Islip, New York

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**